# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DUNCAN BURTON | : | DOCKET NO. 2:06-cv-0890<br>Section P |
| VS. | : | JUDGE TRIMBLE |
| J. P. YOUNG, WARDEN, ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Duncan Burton, pursuant to 28 U.S.C. §2241. By this petition, the petitioner seeks to challenge his sentence. This matter has been referred to the undersigned magistrate for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

## FACTS

Petitioner states that on November 8, 2000, he was found guilty of counts 1 & 17 of an original 25 count indictment following a jury trial in the United States District Court for the Southern District of Texas.[1] For these offenses, petitioner was sentenced on January 29, 2001 to a 216 month term of imprisonment to be followed by 5 years supervised release. Petitioner appealed, and his conviction and sentence were affirmed by the Fifth Circuit on January 16, 2002.

On January 21, 2003, petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 which was denied by the district court by order dated on August 19, 2003. *See United States v. Burton,* 4:95-cr-00303-09 (S.D. Tex), doc. 1075, 1093, 1095. He appealed this dismissal to the Fifth Circuit, and the Fifth Circuit dismissed his appeal as untimely.

On September 14, 2004, petitioner filed an application for authorization to file a second or

---

[1] Count 1 charged petitioner with violating 21 U.S.C. § 846, and Count 17 charged petitioner with violating 21 U.S.C. § 846. *See United States v. Burton,* 4:95-cr-00303-09 (S.D. Tex.).

successive § 2255. This application was denied by the Fifth Circuit on November 16, 2004. *In Re Burton v. USA*, 04-20744 (5th Cir.).

On February 4, 2005, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Texas. In that petition, the petitioner challenged his conviction and sentence. The district court denied the petition on March 29, 2005, finding that petitioner had not demonstrated that 28 U.S.C. § 2255 was inadequate to challenge his detention. *See Burton v. Childress*, 1:05-cv-0099 (E.D. Tex.).

On May 26, 2006, petitioner specifically filed this petition under 28 U.S.C. § 2241, claiming that the remedy provided by § 2255 is inadequate and ineffective to challenge his detention. In support of his petition, the petitioner contends that in determining his offense level and subsequent guideline range, the sentencing court relied on facts which were not charged in the indictment, presented to a jury, admitted by him, or proven beyond a reasonable doubt. Relying on the recent Supreme Court cases of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *Blakely v. Washington*, 542 U.S.296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the petitioner claims that his sentence was unlawfully enhanced under the federal Sentencing Guidelines.

## LAW AND ANALYSIS

A petition filed pursuant to 28 U.S.C. § 2255 is the primary means of collaterally attacking a federal sentence based upon errors which occurred before and at the sentencing. *Padilla v United States*, 416 F.3d 424 (5th Cir. 2005); *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001)*; Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000); *Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111 (5th Cir. 1990). A petition filed pursuant to 28 U.S.C. § 2241 is the proper procedural vehicle to attack the manner in which the sentence is being executed. *Id.* "[A] § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the savings clause of § 2255 if the petitioner establishes that the remedy provided under by § 2255 is inadequate

2

or ineffective to test the legality of his detention." *Padilla,* 416 F.3d at 426; *Christopher v. Miles,* 342 F.3d 378, 381-82 (5th Cir. 2003); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena, supra; Tolliver, supra.*

In order to file a 28 U.S.C. § 2241 petition for writ of *habeas corpus* pursuant to the savings clause of 28 U.S.C. § 2255, the petitioner must show:

1. His claims are based upon a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of an non-existent offense; and

2. His claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first 28 U.S.C. § 2255 motion.

*Padilla v. Dobre*, 101 Fed. Appx. 469 (5th Cir. 2004); *Reyes-Requena*, 243 F.3d at 904; *Jeffers*, 253 F.3d at 830; *Christopher v. Miles,* 342 F.3d 378, 382 (5th Cir. 2003). A prior unsuccessful §2255 motion or the inability to meet the filing requirements of § 2255 does not render §2255 inadequate or ineffective. *Jeffers,* 253 F.3d at 830; *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

In order to satisfy the first prong of this test, the petitioner relies on the Supreme Court cases of *Apprendi, Blakely,* and *Booker.* In *Blakely,* the Supreme Court reaffirmed the holding of *Apprendi v. New Jersey*, 120 S.Ct. 2348, 2362-63 (2000) that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt" and clarified that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely,* 124 S.Ct. at 2536-37; *Padilla,* 416 F.3d at 427, n.1. In *Booker,* the Supreme Court extended *Blakely*'s holding to the Federal Sentencing Guidelines and excised certain statutory provisions that made the Guidelines mandatory, thereby rendering them advisory only. *Booker*, 125 S.Ct. at 756-57; *see also In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005); *Padilla, supra.* Petitioner contends that in determining his offense level and subsequent

3

guideline range, the sentencing court relied on facts which were not charged in the indictment, presented to a jury, admitted by him, or proven beyond a reasonable doubt.

The Fifth Circuit has considered whether a claim brought under *Booker* satisfies the savings clause of § 2255 and found that it does not. *Padilla, supra.* In reaching this decision, the Fifth Circuit specifically held that *"Booker*'s holding is not retroactively applicable to cases on collateral review"[2] and that Padilla could not satisfy the first prong of the *Reyes-Requena* test because his § 2241 claim had "no effect on whether the facts of his case would support his conviction for the substantive offense." *Padilla,* 416 F.3d at 427; *see also Maracalin v. Morrison*, 2006 WL 1738279 (5th Cir. 2006)(*Booker* and *Apprendi* lines of authority do not apply retroactively to cases on collateral review); *In re Elwood*, 408 F.3d 211 (5th Cir. 2005), citing *Schriro v. Summerlin*, 124 S.Ct. 2519, 2526 (2004); *Wesson v. U.S. Penitentiary, Beaumont, TX*, 305 F.3d 343 (5th Cir. 2000)(holding *Apprendi* does not apply retroactively to cases on collateral review and an *Apprendi* claim does not satisfy the requirements for filing a habeas petition under the savings clause of § 2255).

Petitioner, likewise, challenges only the validity of his sentence based upon a Supreme Court case that is not retroactively applicable to cases on collateral review. Therefore, he is unable to satisfy the first prong of the savings clause test and cannot utilize 28 U.S.C. § 2241 to challenge his sentence. Accordingly, this court finds that while it is the appropriate court to make the savings-clause determination, it lacks jurisdiction to consider the merits of the petition. *See Padilla,* 416 F.3d at 426; *Christopher,* 342 F.3d at 385.

Accordingly,

---

[2]All other circuit courts to consider this issue have also concluded that *Booker* does not apply retroactively on collateral review *Guzman v. United States*, 404 F.3d 139 (2nd Cir. 2005); *In re Olopade*, 403 F.3d 159 (3rd Cir. 2005); *United States v. Morris,* 429 F.3d 65, 72 (4th Cir.2005); *Humphress v. United States*, 398 F.3d 855, 856 (6th Cir. Feb.25, 2005); *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005), *petition for cert. filed; Never Misses A Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir.2005);*United States v. Cruz,* 423 F.3d 1119, 1121 (9th Cir.2005); *United States v. Price*, 400 F.3d 844 (10th Cir. 2005); *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005); *In re Hinton*, 2005 WL 566608 (D.C. Cir. 2005) (not designated for publication)

4

IT IS RECOMMENDED that this petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be DISMISSED for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, August 11, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE